UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ADEVALTER MAJESKY,

Petitioner,

v.

GREGORY JOHN ARCHAMBEAULT, et al.,

Respondents.

Case No.: 26v1479-LL-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Adevalter Majesky's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return in opposition to the Petition [ECF No. 4 ("Ret.")], and Petitioner filed a Traverse [ECF No. 5 ("Traverse")]. For the reasons set forth below, the Court **GRANTS** the Petition and **ORDERS** an immediately release.

## I. BACKGROUND

Petitioner is a native and citizen of Brazil, who entered the United States without inspection. Ret. at 2. On November 8, 2024, Petitioner was convicted of animal cruelty and was sentenced to three years in probation and supervised release. *Id.*, ECF No. 4-1 at 3. On June 15, 2025, he was taken into Immigration and Customs Enforcement ("ICE") custody. ECF No. 4-1 at 4. On August 12, 2025, he was issued a Notice to Appear ("NTA"). ECF

No. 4-1 at 10. Petitioner's removal proceedings remain ongoing. Ret. at 3. Petitioner fears returning to Brazil because his son was murdered by politically connected actors and has received death threats against him. Pet. at 4.

An immigration judge ("IJ") granted Petitioner's release on a payment of $20,000 bond on July 10, 2025. ECF No. 8-1 at 80. The IJ found that Petitioner was detained under section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) and therefore has jurisdiction to consider Petitioner's custody redetermination request. *Id.* at 13–14. The IJ further found that DHS did not establish that the Petitioner presents a danger to the community and that the risk of flight could be mitigated by the high bond amount. *Id.* at 14–16.

The Department of Homeland Security ("DHS") appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and the BIA vacated the IJ's ruling on September 30, 2025. ECF No. 8-1 at 4–5. Specifically, the BIA held that "Immigration Judges lack authority to hear bond request or grant bond to [noncitizens] who are present in the United States without admission. *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)." *Id.* at 5. BIA further concluded that in light of *Matter of Yajure Hurtado*, Petitioner is "an applicant for admission and is subject to mandatory detention under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A).

On March 9, 2026, Petitioner filed the instant Petition, alleging that his prolonged detention violates the Fifth Amendment's Due Process Clause and that Respondents acted in bad faith by revoking Petitioner's bond. Pet. at 6–14. He seeks a writ of habeas corpus directing Respondents to immediately release him from custody. *Id.* at 14–15.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of

habeas corpus to a petitioner who demonstrates to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi*, 542 U.S. at 536 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III. DISCUSSION

### A. Jurisdiction

Respondents argue that as a threshold matter, Petitioner's claims and requested relief are jurisdictionally barred under 8 U.S.C. § 1252(g). Ret. at 4–5. Specifically, Respondents argue that Petitioner's claims are barred because they arise "from the [DHS'] decision to commence removal proceedings against him." Ret. at 4. The Court disagrees.

Section 1252(g) states that "[e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter." 8 U.S.C. § 1252(g). However, the Supreme Court has narrowly interpreted § 1252(g) as applying "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Ibarra-Perez v. United States*, 154 F.4th 989,

991 (9th Cir. 2025) ("The Supreme Court has instructed that we should read § 1252(g) narrowly."); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 152 (W.D.N.Y. 2025) (noting that courts have "distinguished between challenges to ICE's discretion to execute a removal order, which are barred, and challenges to the manner in which ICE executes the removal order, which are not.").

In fact, the Supreme Court has previously rejected as "implausible" Respondents' suggestion that § 1252(g) covers "all claims arising from deportation proceedings" or imposes "a general jurisdictional limitation." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020) (citing *Reno.*, 525 U.S. at 482. In other words, Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

Here, Petitioner is not challenging the commencement of removal proceedings but is instead claiming a lack of legal authority to detain him for a prolonged time during the removal proceedings. *See Ibarra-Perez*, 2025 WL 2461663, at *2 (noting that a claim based on a lack of legal authority to execute a removal order due to a violation of a court order, the Constitution, [Immigration and National Act], or international law, does not challenge the decision or action to execute a removal order). Therefore, the Court finds that § 1252(g) does not limit the Court's jurisdiction in this matter.

**B. Merits**

Petitioner argues that his prolonged detention violates the Fifth Amendment's Due Process Clause. Pet. at 6–8. Respondents contend there is no due process violation because Petitioner is "an arriving [noncitizen] and applicant for admission" who is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). Ret. at 1, 5–6.

The Court finds that Petitioner is wrongfully detained under 8 U.S.C. § 1225(b). As a noncitizen who, at the time of his detention, had been at liberty in the United States, Petitioner was and is subject to 8 U.S.C. § 1226(a), which states that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). By contrast, 8 U.S.C § 1225(b) applies to

noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain [noncitizens] seeking admission into the country under §§ 1225(b)(1) and (b)(2)," while § 1226(a) allows the government to "detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025) and finds the appropriate remedy is a bond hearing pursuant to 8 U.S.C. § 1226(a).

However, the Court finds that immediate release, rather than requiring another bond hearing, is the appropriate remedy in this case. At the July 10, 2025 bond hearing, the IJ granted Petitioner's release on a payment of $20,000 bond after finding that the DHS did not establish that Petitioner presents a danger to the community and that the risk of flight would be mitigated by the high bond amount. ECF No. 8-1 at 14–16. The IJ's ruling vacated only because the BIA found that Petitioner was under mandatory detention under 8 U.S.C. § 1225 and thus IJ lacked authority to grant bond pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). ECF No. 8-1 at 4–5. However, the Court is not bound by *Matter of Yajure Hurtado*'s interpretation of 8 U.S.C. §§ 1225 and 1226:

"[C]ourts must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024). After *Loper Bright*, federal courts "may look to agency interpretations for guidance, but do not defer to the agency." *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024). For the reasons stated in this Order, the Court finds *Matter of Yajure Hurtado* unpersuasive. *See Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 n.5 (E.D. Cal. 2025); *Garcia v. LaRose*, No. 25CV2936-BTM-MMP, 2025 WL 3248746, at *2 (S.D. Cal. Nov. 20, 2025).

Since Petitioner has been in custody since that hearing, his circumstances have not changed such that it would affect the IJ's findings. "Particularly given Respondents' 'weighty' interest in the 'efficient administration of the immigration laws,' *Landon v.*

*Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [previous] hearing." *Ruiz v. Noem*, No. 3:25-CV-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025); *Nieto v. Casey*, No. 26-CV-0186-GPC-AHG, 2026 WL 125602, at *5 (S.D. Cal. Jan. 16, 2026) (quoting *Ruiz*, 2025 WL 3719888, at *2). The Court agrees with this reasoning and finds that an immediate release is the appropriate remedy.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **ORDERS** Respondents to immediately release Petitioner subject to a $20,000 bond. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: April 16, 2026

Honorable Linda Lopez
United States District Judge