UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ADEVALTER MAJESKY,

Petitioner,

v.

GREGORY JOHN ARCHAMBEAULT, et al.,

Respondents.

Case No.: 26v1479-LL-VET

**ORDER GRANTING MOTION TO ENFORCE JUDGMENT**

[ECF No. 12, 14]

Before the Court are Petitioner Adevalter Majesky's Motion to Enforce Court's Order [ECF No. 12] and Supplemental Motion for Order to Show Cause [ECF No. 14]. Respondents filed a Response. ECF No. 15. For the reasons set forth below, the Court **GRANTS** the Motion to Enforce Court's Order, **DENIES AS MOOT** the Supplemental Motion for Order to Show Cause, and **ORDERS** Respondents to immediately remove Petitioner's GPS ankle monitor.

On April 16, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus, ordering Respondents to "immediately release Petitioner subject to a $20,000 bond." ECF No. 10 at 6. On April 27, 2026, Petitioner filed the instant motion arguing that Respondents failed to comply with the Court's April 16, 2026 Order by adding a GPS ankle monitor in addition to the $20,000 bond. ECF No. 12 at 4. Petitioner argues that the added restraint of

GPS ankle monitor is essentially “converting [Petitioner’s] ‘release’ into constructive custody and frustrating the writ.” ECF No. 14 at 4.

This Court finds that the GPS ankle monitor does not comply with the Court’s April 16, 2026 Order. This Court had ordered an immediate release subject to a $20,000 bond, the amount which was set by the Immigration Judge at the July 10, 2025 bond hearing. The Immigration Judge specifically noted that the high bond amount would mitigate any risk of flight. ECF No. 8-1 at 16. The Immigration Judge did not order additional safeguards, such as GPS ankle monitor. Instead, ICE unilaterally imposed GPS ankle monitoring that not only defies this Court’s order but also constitutes unlawful custody in violation of Petitioner’s due process rights. *See e.g.*, *Harrington v. Albarran*, No. 26-CV-01889-JST, 2026 WL 800113, at *4 (N.D. Cal. Mar. 23, 2026) (finding that “government is violating [petitioner’s] due process rights by subjecting him to ankle monitoring and ISAP supervision without notice and a hearing to determine whether those measures are warranted”); *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1257–58 (D. Colo. 2026) (finding petitioner was “‘in custody in violation of the Constitution or laws…of the United States’” where petitioner was subject to GPS ankle monitor device that was not ordered by the Immigration Judge); *N- N- v. McShane*, 813 F. Supp. 3d 496, 502 (E.D. Pa. 2025) (petitioner’s “ankle monitor, removable solely at the discretion of ICE, violates Due Process”); *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 69 (D. Mass. 2025) (finding petitioner subject to 24/7 GPS tracking on his ankle “remains in ICE custody indefinitely”); *Campbell v. Almodovar*, No. 1:25-CV-09509 (JLR), 2025 WL 3626099, at *1 (S.D.N.Y. Dec. 15, 2025) (“any form of re-detention — including electronic monitoring and mandatory reporting — violates Petitioner’s due process rights”).

Respondents rely on one case to argue that the ankle monitor is “a lawful exercise of agency discretion.” ECF No. 15 at 2. However, in *Khachikian v. Casey*, the Court’s order expressly stated that “Petitioner shall comply with all conditions that were in effect before his [] re-detainment” and the petitioner previously had an ankle monitor. *Khachikian v. Casey* No. 25-cv-3737-GPC-JLB, ECF No. 13 at 2 (S.D. Cal. Jan. 13, 2026).

Therefore, Respondents are **ORDERED** to immediately remove Petitioner's ankle monitor within 24 hours. Respondents are **PROHIBITED** from imposing any conditions not specifically and explicitly imposed in writing by this Court. Respondents are further **ORDERED** to file a status report to certify compliance within three days of this Order.

**IT IS SO ORDERED**.

Dated: May 4, 2026

Honorable Linda Lopez
United States District Judge